IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JONATHAN RAY ALLEN,

    Petitioner,

v.                                                                        CRIMINAL ACTION 2:11cr192

UNITED STATES OF AMERICA,

    Respondent.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is a *pro se* petition submitted pursuant to Title 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Petition") filed by Jonathan Ray Allen ("Petitioner"). Both parties have submitted memoranda on the relevant issues; thus, the matter is ripe for adjudication. For the reasons discussed below, Petitioner's § 2255 Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner was named in a twenty-one count indictment on November 16, 2011. Count One charged Petitioner with Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a). Counts Two, Four, Six, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, and Twenty charged him with Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a). Counts Three, Five, Seven, Nine, Eleven, Thirteen, Fifteen, Seventeen, Nineteen, and Twenty-One charged him with Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On December 21, 2011, Petitioner pleaded not guilty to all charges.

On March 20, 2012, Petitioner went to trial and upon motion by the United States, the Court dismissed Counts Eighteen and Nineteen. After a three day trial, Petitioner was found guilty on all remaining charges. On September 19, 2013, the Court sentenced Petitioner to a total of three hundred eighty-four (384) months and eight days imprisonment. The term consisted of one day per Counts One, Two, Four, Six, Eight, Ten, Twelve, Fourteen, Sixteen, and Twenty to be served concurrently; eighty-four (84) months imprisonment on Count Three to be served consecutively with Count One; three hundred (300) months imprisonment on Count Five to be served consecutive to Count Three, and one day per Counts Seven, Nine, Eleven, Thirteen, Fifteen, Seventeen, and Twenty-One to be served consecutively with each other and Count Five. ECF No. 147. The Court additionally required Petitioner to pay restitution in the amount of $18,463 to the financial institutions he harmed as a result of his crimes. ECF No. 145.

On September 20, 2013, Petitioner appealed his sentence to the United States Court of Appeals for the Fourth Circuit. In his appellate brief, Petitioner argued this Court should have suppressed the out-of-court witness identifications made during trial because the pre-trial photo line-ups used in the identifications of Petitioner were unduly suggestive and unreliable. The Fourth Circuit rejected Petitioner's appeal and affirmed the judgement. *United States v. Allen*, 576 Fed. Appx. 281, 282 (4th Cir. 2014) (per curiam).

Petitioner filed the current motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 on September 11, 2015. On November 2, 2015, the United States filed its Response. ECF No. 183. Petitioner subsequently filed a Reply on December 16, 2015. ECF No. 186.

Petitioner argues that his former defense attorney provided ineffective counsel. Specifically, Petitioner alleges that his counsel failed to acknowledge the ambiguity of the

firearms statute in question, 18 U.S.C. § 924(c)(1)(A)(ii), object to the multiple sentences Petitioner received, and to move for a judgement of acquittal on the subsequent convictions. Petitioner also argues that counsel failed to appeal. The United States counters that the Petition is wholly without merit and counsel cannot be faulted for failing to raise or argue a meritless claim.

## II. LEGAL STANDARDS

### A. Section 2255

Petitioner seeks post-conviction relief available to federal prisoners under Section 2255 of Title 28 of the United States Code. The Section provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255. By seeking to vacate a judgement of conviction, the movant bears the burden of proving his claim by a preponderance of evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). *Pro se* filers, such as Petitioner in this case, are entitled to a more liberal construction of their pleadings. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert denied*, 439 U.S. 970 (1978) (providing that a *pro se* petitioner is entitled to have his petition construed liberally and is held to less stringent standards than an attorney drafting the complaint). When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). As a result, issues already fully litigated on

direct appeal may not be raised again under the guise of collateral attack. Ineffective assistance of counsel claims should be raised in a collateral motion instead of a direct appeal.

The Petition does not run afoul of the one-year statute of limitations time bar. The relevant law, 28 U.S.C. § 2255(f), states that a defendant has a one-year period to file a Section 2255 motion. This period starts either (1) from the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court , if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The United States Supreme Court held that "for federal criminal defendants who do not file a petition for certiorari . . . on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). In this case, Petitioner had to file his § 2255 motion 90 days and one year after the Fourth Circuit's final judgement on his appeal. *See United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004) (describing the start date of the one-year limitation as "90 days after [the Fourth Circuit] entered judgement.") Petitioner received judgement from the Fourth Circuit on June 27, 2014. He subsequently filed the instant Motion within the statute of limitations on September 11, 2015.

**B. Standard for Ineffective Assistance of Counsel**

In order to succeed on a claim of ineffective assistance of counsel, the petitioner must satisfy the two-part inquiry outlined in *Strickland v. Washington*, 466 U.S. 668 (1984), showing

that (1) that counsel's representation "fell below an objective standard of reasonableness (2) and that "deficient performance prejudiced the defense." *Id.* at 687-88. Both "prongs" of the *Strickland* test must be satisfied. If the Court determines that one prong does not apply, then the petitioner's claim of ineffectiveness of counsel cannot succeed. In order to prove prejudice, the petitioner must show that the attorney's representation did not fall within a "wide range of reasonable professional assistance" and that the poor performance had a material effect on the outcome of the case. The petitioner must also demonstrate a causal relationship between the defective representation, "making it probable that petitioner would be either acquitted or convicted of a lesser included offense." *Id.* at 694. Judicial scrutiny of an attorney's performance must be "highly deferential" and "indulge a strong presumption" that counsel's conduct did not fall outside of the objectively reasonable standard. *Id.* at 689.

### III. DISCUSSION

Petitioner alleges that he obtained ineffective assistance of counsel that unduly prejudiced his case. The instant Petition lists three distinct, yet related grievances. First, Petitioner argues that counsel should have objected to the multiple convictions he received for the robberies he committed. According to Petitioner, the statute governing the use of a firearm during the commission of a crime of violence, 18 U.S.C. 924(c)(1)(A)(ii), is unsettled on the issue of whether a defendant can receive more than one firearm violation from multiple crimes using the same firearm. *See* ECF No. 186. Because of ambiguity in the law, counsel should have sought lenity from the Court. Second, Petitioner argues that counsel failed to move for a judgement of acquittal on the convictions pursuant to Federal Rule of Criminal Procedure 29(a). Lastly, Petitioner contends that counsel failed to appeal his convictions.

### A. Ineffective Assistance of Counsel – Failure to Object to Petitioner's Multiple Convictions Based on Unsettled Law

Petitioner asserts that counsel failed to object to the multiple consecutive sentences he received for violating 18 U.S.C. § 924(c)(1)(A)(ii). According to Petitioner, his criminal activity should have been considered a single course of conduct and the multiple convictions he ultimately received violates due process. Petitioner cites *United States v. Breckenridge*, 93 F.3d 132 (4th Cir. 1996) to support his claim that a "string of crimes should be considered a part of a 'single Scheme or plain [*sic*]" for the purposes of sentencing. ECF No. 181 at 16. In *Breckenridge*, the defendant challenged his designation as a "career offender" under the U.S. Sentencing Guidelines. The defendant accused his former counsel of failing to argue that his prior crimes should have been deemed related in calculating his sentencing offense level as opposed to counted separately. *Breckenridge*, 93 F.3d at 135 ("Breckenridge asserted that . . . he should not have received an enhanced sentence as a career offender and that his trial counsel was ineffective for failing to raise this 'relatedness' claim."). The *Breckenridge* court agreed. However, the holding in that case dealt with an attorney's failure to object to an improper application of the Guidelines, not whether a defendant can be sentenced and convicted of multiple Section 924(c)(1)(A)(ii) violations. Petitioner concedes that the issue in *Breckenridge* differs greatly from the present case, but he argues that the rationale for reducing his sentences should be the same. ECF No. 181 at 16 ("Movant concedes that is a 'stretch' [to apply *Breckenridge*]"). He argues that "long term prison sentences are not the answer," and that he should be rehabilitated, as opposed to incarcerated, for crimes he committed while afflicted by a drug addiction. *Id*. The Court cannot apply *Breckenridge* to Petitioner's ineffectiveness of counsel claim because it simply does not apply regardless of the policy considerations Petitioner advances.

The limitations of Petitioner's argument need not be fatal, unless "it appears 'beyond doubt that the [petitioner] can prove no set of facts in support of his claim which would entitle him to relief." *Gordon v. Leeke*, 574 F.2d at 1151 (quoting from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Petitioner filed with the Court *pro se* and as such, the Court must construe his motion liberally and interpret it to raise the strongest arguments that it suggests. *Id.* The Court will now determine whether counsel improperly failed to object to Petitioner's convictions pursuant to 18 U.S.C. § 924(c)(1)(A)(ii).

*1. Current Status of 18 U.S.C. § 924(c)(1)(A)(ii)*

Petitioner argues that his multiple convictions pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) should have been challenged by counsel because of the ambiguity of the statute. The statute states in relevant part:

> Any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall . . . , if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years

18 U.S.C. § 924(c)(1)(A)(ii). Indeed, many courts have ruled that Section 924(c) does not clearly articulate the unit of prosecution and therefore must be subject to lenity at sentencing. *See, e.g., United States v. Diaz*, 592 F.3d 467 (3rd Cir. 2010) ("[T]he ambiguity in the text of § 924(c) and in its legislative history require that courts follow the rule of lenity."); *United States v. Anderson*, 59 F.3d 1323 (D.C. Cir. 1995) ("We are led, then, to the ultimate conclusion that at a very minimum, § 924(c)(1) is ambiguous. The rule of lenity must, therefore, govern application of the statute."); *United States v. Lindsay*, 985 F.2d 666, 673 (2d Cir. 1993) ("Since Congress failed to specify the firearm as the appropriate unit of prosecution under § 924(c)(1), we invoke the rule of lenity."). The United States Court of Appeals for the Fourth Circuit, on the other hand, has

held that Section 924(c) authorizes multiple convictions based on the same offense. *United States v. Camps*, 32 F. 3d 102, 107 (4th Cir. 1994) ("A defendant who has 'used' or 'carried' a firearm on several separate occasions during the course of a single continuing offense, therefore, has committed several section 924(c)(1) offenses."). Under *stare decisis*, the Court must follow Fourth Circuit precedent that a defendant can be convicted of violating Section 924(c)(1)(A)(ii) multiple times based on a single predicate offense. *See Jones v. Tyson Foods, Inc.*, 378 F.Supp.2d 705, 709 (E.D.V.A. 2004) ("In courts of appeal, the decision of a panel is a decision of the court and carries the weight of stare decisis."). Although "adherence to precedent is not rigidly required in constitutional cases, any such departure requires 'special justification.'" *Arizona v. Rumsey*, 467 U.S. 203, 212 (1984). Petitioner has not convinced the Court of a reason to depart from precedent.

*2. Obligation of Counsel to Object to 18 U.S.C. § 924(c)(1)(A)(ii) as Ambiguous Law*

An attorney provides ineffective representation by falling below an "objective standard of reasonableness" that unduly prejudices a defendant's case. *Stickland*, 466 U.S. at 687-89. Petitioner must show that but for counsel's deficiencies, Petitioner would have been acquitted or convicted of a lesser included offense. *Id.* at 694. Petitioner argues that counsel prejudiced his case by "remain[ing] silent on the multiple sentences imposed under a statute that is so unclear and under attack." ECF No. 186 at 2. In other words, counsel failed to challenge Section 924(c)(1)(A)(ii) on vagueness grounds which led to Petitioner's increased sentence. To be sure, counsel cannot be ignorant of applicable law and present an unreasonable trial strategy. *See, e.g., Dixon v. Snyder*, 266 F.3d 693, 703-704 (7th Cir. 2001) (concluding that counsel provided ineffective assistance by failing to investigate a state statute used by the prosecution that led directly to defendant's conviction). However, failing to raise or argue a meritless claim does not

8

constitute ineffectiveness of counsel. *See Knowles v. Mirzayance*, 556 U.S. 111, 123 ("[T]his Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success"); *See also McWee v. Weldon*, 283 F.3d 179 (4th Cir. 2002) (holding that counsel's failure to present an insanity defense did not constitute ineffective assistance of counsel because a meritless or weak insanity defense at trial would have cost the defendant credibility with the jury). The attorney, not the defendant, has the authority to shape trial strategy and choose which arguments to pursue in helping a client's case. Petitioner accuses counsel of neglecting to mention that other Circuits around that country have ruled Section 924(c)(1)(A)(ii) to be impermissibly ambiguous; a decision Petitioner believes cost him a reduced sentence. However, the Fourth Circuit has produced binding precedent on the precise issue Petitioner has raised. *See Camps*, 32 F.3d at 107. Although other Circuits hold a different point of view, that fact alone is merely persuasive to the Court and if brought by counsel would not have had a material outcome on Petitioner's case as *Strickland* requires. Counsel did not act unreasonably by failing to raise an argument at trial inconsistent with Fourth Circuit precedent.

  Finally, Petitioner submits that counsel should at least have sought lenity from the Court because of the ambiguous nature of 18 U.S.C. § 924(c)(1)(A)(ii). ECF No. 181 at 19. The judicial system has a long history of granting lenity to defendants facing conviction under ambiguous or vague law. *See McBoyle v. U.S.*, 283 U.S. 25 (1931) (holding that the defendant deserved lenity because the National Motor Vehicle Theft Act did not unambiguously apply to stolen airplanes). Due process demands that defendants receive a "fair warning" of what the law intends to do. *Id* at 27. However, the Fourth Circuit has already interpreted 18 U.S.C. § 924(c)(1)(A)(ii) and deemed it to be unambiguous. Therefore, Petitioner has failed to demonstrate that counsel's conduct was unreasonable and caused undue prejudice to his case.

## B. Ineffective Assistance of Counsel – Failure to Move for Judgement of Acquittal

Petitioner further alleges that counsel should have moved for a judgment of acquittal on his convictions pursuant to Federal Rule of Criminal Procedure 29(a). The Rule states in relevant part: "after the close of all evidence, the court on the defendant's motion must enter a judgement of acquittal of any offense for which the *evidence is insufficient to sustain a conviction*." Fed R. Crim. P. 29(a) (emphasis added). Petitioner does not argue that the prosecution lacked evidence to obtain a conviction or that they failed to present a prima facie case of guilt. Rather, Petitioner faults his attorney for failing to move for judgement of acquittal because he received multiple convictions under what Petitioner believes to be an ambiguous law. The Court has already determined based on Fourth Circuit precedent that Section 924(c)(1)(A) is not ambiguous and Petitioner received an appropriate sentence as a result. Counsel did not fall below professional standards for failing to move for judgment of acquittal.

## C. Ineffective Assistance of Counsel – Failure to Appeal Convictions

Petitioner argues that counsel provided ineffective assistance by not appealing his convictions. Petitioner, however, fails to present any evidence that he in fact directed counsel to file a timely appeal. Without communicating a desire to appeal, Petitioner could not have expected counsel to appeal unilaterally. Indeed, the United States Supreme Court expressly rejected the proposition that counsel must file a notice of appeal regardless of defendant's instructions and that failure to do so is per se deficient. *Roe v. Flores-Ortega*, 528 U.S. 470, (2000) (holding that imposing an obligation on counsel to either file an appeal or to discuss the possibility of appeal with the defendant in all cases is inconsistent with *Strickland*'s reasonableness standard). The Court finds no support in the record that counsel should have appealed or that he neglected specific instructions to do so.

## CONCLUSION

For the reasons stated above, the Petitioner's §2255 Motion to Vacate, Set Aside or Correct Sentence is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is also required to issue or deny a certificate of appealability, which may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's habeas petition on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Petitioner does not satisfy this standard; accordingly, the Court **DENIES** a certificate of appealability. Although Petitioner may not appeal the denial of his § 2255 Motion without a certificate of appealability, he may seek one from the United States Court of Appeals for the Fourth Circuit.

In addition, the Clerk is **DIRECTED** to send a copy of this Order to Petitioner, his former counsel, and to the United States Attorney.

Petitioner is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's dates. The Court Directs the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 12, 2016

Raymond A. Jackson
United States District Judge

11