

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JONATHAN RAY ALLEN,**

Petitioner,

v.                                                           **CRIMINAL ACTION NO. 2:11-CR-192**

**UNITED STATES OF AMERICA,**

Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Jonathan Ray Allen's ("Petitioner") *Motion for Sentence Modification* ("Motion") pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF Nos. 249, 260, 269. For the reasons stated below, Petitioner's Motion is **GRANTED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

On November 16, 2011, Petitioner was named in a twenty-one-count indictment for conduct associated with armed robberies throughout the Eastern District of Virginia. ECF No. 9. Count 1 charged Petitioner with Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a). *Id.* Counts 2, 4, 6, 8, 10, 12, 14, 16, 18 and 20 charged him with Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a). *Id.* Counts 3, 5, 7, 9, 11, 13, 15, 17, 19, and 21 charged him with Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(l)(A)(ii). *Id.* On December 21, 2011, Petitioner pleaded not guilty to all charges. ECF No. 36.

From May 2011 through June 2011, Petitioner and two co-defendants committed nine armed robberies at businesses in the cities of Hampton, Norfolk, Portsmouth, Suffolk, and Virginia Beach. ECF No. 113, 251. On March 20, 2012, Petitioner went to trial and upon motion by the

United States, the Court dismissed Counts 18 and 19. ECF No. 86. On March 23, 2012, after a three-day jury-trial, Petitioner was found guilty, of Count 1, Conspiracy to Interfere with Commerce by Means of Robbery, in violation of 18 U.S.C. § 1951(a); Counts 2, 4, 6, 8, 10, 12, 14, 16, and 20, Interference with Commerce by Means of Robbery, in violation of 18 U.S.C. § 1951(a) and 2; and Counts 3, 5, 7, 9, 11, 13, 15, 17, and 21, Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2. ECF No. 92.

On September 19, 2013, the Court sentenced Petitioner to a cumulative term of 384 months and 8 days. ECF No. 147. Specifically, Petitioner received a sentence of ONE (1) DAY each on Counts 1, 2, 4, 6, 8, 10, 12, 14, 16, and 20, (with Counts 2, 4, 6, 8, 10, 12, 14, 16, and 20 to be served **concurrently with Count 1**); EIGHTY-FOUR (84) MONTHS on Count 3, to be served **consecutive to Count 1**; THREE HUNDRED (300) MONTHS on Count 5, to be served **consecutive to Count 3**; and ONE (1) DAY as to each of Counts 7, 9, 11, 13, 15, 17, and 21, to be served **consecutive to each other and consecutive to Count 5**.

On August 5, 2020 and September 9, 2020, Petitioner filed his Motion for Sentence Modification pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF Nos. 249, 260, 269. On September 24, 2020, the Government filed a response in opposition to Petitioner's Motion. ECF No. 264. Petitioner filed a reply on October 5, 2020. ECF Nos. 267 and 268. On December 2, 2020, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") issued its opinion in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). The *McCoy* Court reviewed two cases in which similar motions for a sentence reduction from four defendants were granted by their respective district courts, including one such defendant from this Court. The Fourth Circuit affirmed the district courts' rulings. Thereafter, the Government filed a supplemental response to Petitioner's Motion on December 16, 2020. ECF No. 271. Petitioner replied to the Government's response on December 28, 2020. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* Courts may, however, waive the exhaustion requirement under exigent circumstances. *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020) (discussing additional reasons why extraordinary relief might be applicable).

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified in light of the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. §1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the BOP before an individual could petition the district court for

3

relief. *Id.*

However, U.S.S.G. §1B1.13 is now outdated following the passage of the FIRST STEP

Act, which allows individuals to petition the district court directly without clearance from the BOP.

As such, U.S.S.G. §1B1.13 is merely advisory and does not bind the Court's application of §

3582(c)(1)(A). *See McCoy*, 981 F.3d 271 ("There is as of now no 'applicable' policy statement

governing compassionate-release motions filed by defendants under the recently amended §

3582(c)(1)(A), and as a result, district courts are 'empowered... to consider any extraordinary and

compelling reason for release that a defendant might raise.'") (quoting *United States v. Zullo*, 976

F.3d 228, 230 (2d Cir. 2020); *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May

26, 2020), aff'd 981 F. 3d 271 (4th Cir. 2020); *see also United States v. Lisi*, 2020 WL 881994, at

*3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has

raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy

statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086,

at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful

guidance on the factors that support compassionate release, although it is not ultimately

conclusive").

## III. DISCUSSION

### A. The Exhaustion Issue

The Court finds that Petitioner submitted a request for compassionate release to the Warden

of Petitioner's correctional facility on April 21, 2020. ECF No. 258-1 at 2. The Warden

subsequently denied Petitioner's Request on May 15, 2020. Accordingly, Petitioner has satisfied

the exhaustion requirements within § 3582(c)(1)(A).

### B. Consideration of the § 3553(a) Factors

In considering a term of imprisonment, courts must comply with 18 U.S.C. § 3553(a),

which enumerates several factors designed to create a sentence that is "sufficient but not greater than necessary." Of particular importance is § 3553(a)(6) which stresses "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct."

The FIRST STEP Act discontinued the former practice of "stacking" multiple firearm convictions under 18 U.S.C. § 924(c)(1)(A) before a prior conviction under the same subsection became final. *See* 18 U.S.C. § 924(c)(1)(C) (requiring a prior conviction under § 924(c)(1)(A) to be final before a defendant may be sentenced to a mandatory minimum of 25 years for a subsequent violation). Accordingly, there exists an inherent disparity between individuals sentenced pursuant to § 924(c)(1)(C) for multiple firearm offenses occurring within the same indictment prior to the passage of the FIRST STEP Act and individuals sentenced for multiple violations of § 924(c)(1)(A) in the same indictment after the enactment of the new law.

In this case, Petitioner was found guilty of Counts 3 and 5, two violations of § 924(c)(1)(A) for twice brandishing a firearm during the commission of separate crimes of violence within the same indictment. Petitioner's stacked gun convictions yielded a total mandatory term of 384 months for Counts 3 and 5 plus eight days for Counts 1[1], 7, 9, 11, 13, 15, 17, and 21. ECF No. 147. If he were sentenced today, Petitioner would be subjected to a mandatory minimum of 168 months on Counts 3 and 5.

A reduction of Petitioner's sentence on Count 5, to a term of 84 months, consecutive to Count 3, is consistent with the § 3553(a) factors, especially § 3553(a)(2)(A) ("the need for the sentence imposed…to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense") and § 3553(a)(6) ("the need to avoid unwarranted

---

[1] With Counts 2, 4, 6, 8, 10, 12, 14, 16, and 20 served concurrently with Count 1.

sentencing disparities among defendants with similar records who have been found guilty of similar conduct"). See *also United States v. Urkevich*, 2019 WL 6037391, at *2 (D. Neb. Nov. 14, 2019) (reducing three "stacked" firearm counts from 660 months to 180 months because the petitioner's former sentence was 40 years longer than the sentence he would have likely received under current law).

Today, Petitioner would likely be subjected to less than half of the mandatory term that was imposed in his original sentence. A disparity of over 200 months between Petitioner's stacked sentence and a similarly situated defendant whose mandatory minimum sentences are not stacked creates a disparity concerning the § 3553(a) factors, which require just punishment for the relevant offenses. *See* § 3553(a)(2)(A). Accordingly, the Court must consider this factor in examining whether Petitioner's request for relief, though it is not dispositive.

In consideration of other § 3553(a) factors, Petitioner began his period of incarceration with only a fifth-grade education but has since earned his general equivalency diploma. ECF No. 249-2; ECF No. 260 at 11. Moreover, Petitioner has taken several educational classes and nonresident drug treatment courses since incarceration. *Id.* The Court is aware that Petitioner's disciplinary record since incarceration has been far less than remarkable. *See* ECF No. 264-1. The Court notes, however, that Petitioner's co-conspirators received vastly disparate sentences than Petitioner for the same offense conduct. Co-conspirator Tabarus Holland was ultimately sentenced to a total of 73 months incarceration for Counts 18 and 19 of the indictment. ECF No. 158. Co-conspirator Douglas Byron obtained a total of 75 months incarceration for Counts 2 and 3 of the indictment. The Government notes that Petitioner's lengthy sentence compared to his co-conspirators is due, in part, to Petitioner's higher criminal history category than that of his peers. ECF No. 271 at 5. Even still, a new sentence of 168 months for Counts 3 and 5 is over two times that of his co-conspirators and comparatively sufficient but not greater than necessary.

6

In sum, (1) the structural disparity between Defendant and other § 924(c) defendants sentenced to stacked terms since the passage of FIRST STEP Act, (2) the disparity among Petitioner and his co-conspirators, and (3) Petitioner's rehabilitative efforts since incarceration all support a sentence reduction. While the foregoing factors may not independently support a reduction, in combination, Petitioner has established extraordinary and compelling reasons for a sentence reduction. Accordingly, the Court will reduce Petitioner's sentence on Count 5 to a term of 84 months, to be served consecutive to his sentences of 84 months on Count 3 and eight days on Counts 1, 7, 9, 11, 13, 15, 17, and 21. Therefore, Petitioner's total sentence is reduced to a cumulative term of 168 months and eight days.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **GRANTED**. The Court hereby sentences Petitioner to a term of **ONE-HUNDRED AND SIXTY-EIGHT MONTHS, EIGHT DAYS consisting of EIGHTY-FOUR (84) MONTHS on Count 5, to be served consecutive to EIGHTY- FOUR MONTHS on Count 3 and EIGHT DAYS on Counts 1[2], 7, 9, 11, 13, 15, 17, and 21.** Thereafter, upon release from the Bureau of Prisons Petitioner shall serve a term of supervised release as ordered in his criminal judgment.

The Clerk is **DIRECTED** to provide a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Norfolk, Virginia
March 9, 2021

UNITED STATES DISTRICT JUDGE

---

[2] Defendant's convictions for Counts 2, 4, 6, 8, 10, 12, 14, 16, and 20 are to be served concurrently with Count 1.